UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TUCK,<br><br>                    Plaintiff,<br><br>v.<br><br>HCC SURETY GROUP,<br><br>                    Defendant. | Case No.:  16cv0230-CAB (DHB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. No. 2]** |

Presently before the Court is Plaintiff Roy Tuck's Motion to Proceed *In Forma Pauperis* ("IFP"). [Doc. No. 2.] Plaintiff filed a complaint alleging violations of the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and the California Rosenthal Fair Debt Collection Practices Act. [Doc. No. 1.]

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A

federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff has not prepaid the required $400 filing fee, but has instead filed an application to proceed IFP pursuant to 28 U.S.C. § 1915(a). Plaintiff's affidavit does not adequately describe his financial condition, however, nor are his answers consistent with other affidavits Plaintiff has filed recently in this court in similar lawsuits. For example, in *Tuck v. Directv*, 16cv160-JLS-KSC, Plaintiff filed an affidavit on January 22, 2016, indicating that, in the past twelve months, his wife earned $4,800 per month from employment and $400 per month from retirement, for a total of $5,200 per month, and Plaintiff earned $238 per month for employment and $476 per month for disability. [16cv160, Doc. No. 2 at 1-2.]   However in this case, Plaintiff states that neither he nor his wife have had any income in the past 12 months, other than $476 in disability benefits and $400 in alimony. [Doc. No. 2 at 1-2.]

Moreover, in 16cv160, Plaintiff also indicates that he and his wife have $11 in their Bank of America checking account, and that his mother (Clarice Tuck) relies on them for support.  [16cv160, Doc. No. 2 at 2-3].  However, in this case, Plaintiff states he has no money in the checking account, and only lists his wife as relying on him for support. [Doc. No. 2 at 2-3.] In addition, in 16cv160, Plaintiff states that his utilities are included in his rent of $680 while, in this case, he states that utilities are an additional $285 per month. [16cv160, Doc. No. 2 at 4; Doc. No. 2 at 4.]

Finally, Plaintiff states that his monthly expenses are $1800.  But if his monthly income is only $876, it is unclear how Plaintiff is able to meet his expenses.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP.  Plaintiff shall have thirty (30) days from the date that this Order is electronically docketed to: (1) pay the $400 filing and administrative fees in full, or (2) file an amended Motion to proceed IFP that adequately documents his financial condition, sufficiently alleges that he is unable to pay the required fees and explains inconsistencies with affidavits he has filed in similar cases.

**IT IS SO ORDERED**.

Dated:  February 8, 2016

                                          Hon. Cathy Ann Bencivengo
                                          United States District Judge