UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TUCK,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HCC SURETY GROUP,<br><br>　　　　　　　　　　　Defendant. | Case No.: 16cv0230-CAB (DHB)<br><br>**ORDER GRANTING AMENDED MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 4]; DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

On January 29, 2016, Plaintiff Roy Tuck, proceeding *pro se*, filed a complaint against Defendants HCC Surety Group, et al. alleging violations of the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and various state law counterparts. *See* Doc. No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he moved to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. On February 8, 2016, this Court denied the motion to proceed in forma pauperis, and gave Plaintiff 30 days to

pay the filing fee or refile the motion. *See* Doc. No. 3.  On February 11, 2016, Plaintiff filed an amended motion for leave to proceed in forma pauperis.  *See* Doc. No. 4.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

The Court has reviewed Plaintiff's amended affidavit of assets and concludes it sufficiently shows he is unable to pay the fees or post securities required to maintain this action.  *See*  Doc. No. 4.  Plaintiff attests he is unemployed, has no present income, and receives $476 each month in disability benefits.  Plaintiff's spouse receives $400 each month in divorce settlement funds. Plaintiff indicates that he has no money in a checking account and otherwise has no savings, IRA or any other accounts. Plaintiff represents that he and his spouse have expenses each month totaling approximately $1825 each month, and that they are receiving loans from relatives to pay their bills.   Plaintiff's amended declaration and statement of assets sufficiently shows that he lacks the requisite financial resources to pay the filing fee. As such, the Court **GRANTS** Plaintiff's motion to

proceed in forma pauperis.

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As currently pleaded, the Court finds allegations in Plaintiff's complaint which are sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Accordingly, the Court will direct the U.S. Marshal to effect service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed.R.Civ.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

Accordingly, **IT IS HEREBY ORDERED**:

1. The Clerk of Court is **DIRECTED** to issue a summons as to Plaintiff's complaint (Doc. No. 1) upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form 285s for each named Defendant. In addition, the Clerk is directed provide Plaintiff with a certified copy of this Order and a certified copy of her complaint (Doc. No. 1) and the summons so that she may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the

instructions provided by the Clerk in the letter accompanying her IFP package.

2. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3).

3. Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on the Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

IT IS SO ORDERED.

Dated: February 16, 2016

_____
Hon. Cathy Ann Bencivengo
United States District Judge