1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11   ROY/DEBORAH TUCK,                    Case Nos.:  16cv0230-
                                          CAB(DHB);16cv0231-CAB (DHB)
12                            Plaintiff,
                                          **ORDER GRANTING DEFENDANTS'**
13   v.                                   **MOTION TO DISMISS [Doc. No. 7;**
                                          **Doc. No. 9]**
14   HCC SURETY GROUP,
15                            Defendant.
16
17          On March 15, 2016, Defendants American Contractors Indemnity Company
18
     ("ACIC") and HCC Surety Group ("HCC") filed a motion to dismiss [Doc. No. 7; Doc.
19
     No. 9] and request for judicial notice [Doc. No. 8; Doc. No. 10].  On May 2, 2016,
20
21   Plaintiff filed an opposition to the motion. [Doc. No. 19; Doc. No. 18.]  On May 20,
22
     2016, Defendants filed a reply to the opposition.  [Doc. No. 23; Doc. No. 22.][1]  For the
23
24   reasons set forth below, the motion to dismiss is **GRANTED** with leave to amend.
25
26   _____
27   [1] Deborah Tuck and Roy Tuck have each filed identical complaints (other than the fact that Roy Tuck
     verified his complaint and Deborah Tuck did not).  Defendants have filed identical motions to dismiss,
28   requests for judicial notice and declarations of Suzanne Baciocco in both actions.  This order is also filed
     in both actions.

                                        1

ALLEGATIONS OF COMPLAINT

The Tucks allege that Defendants violated numerous statutes with regard to the attempt to collect an alleged consumer debt in the amount of $24,817.80.  [Doc. No. 1, ¶9.]  The Tucks further allege that they had no contractual obligation to pay Defendants anything.  [Doc. No. 1, ¶10.]  Finally, the Tucks allege that 29 calls were made during a four year period of time without their permission [Doc. No. 1, ¶11], that "robodialing" and artificial Voice was used by Defendants [Doc. No. 1, ¶13], that the Tucks demanded verification of debt [Doc. No. 1, ¶16], and that Defendants did not cease collection activities [Doc. No. 1, ¶21].  The Tucks allege Defendants violated provisions of the following federal and state statutes:

Count 1:     47 U.S.C. Section 227 et seq., Telephone Consumer Protection Act (TCPA);

Count 2-5:   15 U.S.C. Section 1692 et seq., Fair Debt Collection Practices Act (FDCPA);

Count 6-7:   15 U.S.C. Section 1681 et seq., Fair Credit Reporting Act (FCRA);

Count 8:     Calif. Civ. Code Section 1785 et seq., Consumer Credit Reporting Agencies Act  (CCRAA);

Count 9:     Calif. Civ. Code Section 1788 et seq., Rosenthal Fair Debt Collection Practices Act (RFDCPA);

Count 10:    Calif. C. Civ. Proc. Section 337.1 (statute of limitations).

16cv0230-CAB(DHB);16cv0231-CAB (DHB)

1

2

DEFENDANTS' DECLARATION

3
Defendants have submitted the Declaration of Suzanne Baciocco, which sets forth

4
evidence that the debt referenced by the Tucks in this action is actually a business debt

5
owed by the Tucks to Defendants.  [Doc. No. 7-2; Doc. No. 9-2.] The purpose of the

6
Baciocco declaration is to show that the Tucks do not have statutory standing to bring

7
many of the asserted claims and, therefore, the complaint should be dismissed under

8
FRCP Rule 12(b)(1) for lack of subject matter jurisdiction.  [*See generally* Doc. No. 7-1

9
at 11-16; Doc. No. 9-1 at 11-16.]

10

11
However, statutory "standing, unlike constitutional standing, is not jurisdictional."

12
*Noel v. Hall,* 568 F.3d 743, 748 (9th Cir.2009). Thus, a challenge to statutory standing is

13
properly viewed as a [Federal Rule of Civil Procedure] 12(b)(6) motion, which is

14
generally confined to the contents of the complaint. *See Maya v. Centex Corp.,* 658 F.3d

15
1060, 1067 (9th Cir. 2011); *Vaughn v. Bay Envtl. Mgmt.,* 567 F.3d 1021, 1024 (9th

16
Cir.2009).  Therefore, Defendants' motion will be addressed under FRCP 12(b)(6), and

17
the Declaration of Baciocco will not be considered.

18

19

REQUEST FOR JUDICIAL NOTICE

20

21
Defendants have filed a request for judicial notice (RJN), asking this Court to take

22
judicial notice of certain filings (exhibits 1-7) in *American Contractors Indemnity*

23
*Company v. Tuck*, Los Angeles Superior Court Case No. 14K01610, a state court action

24
filed by Defendants against the Tucks for breach of contract as to an alleged business

25
debt.  The RJN as to Exhibit 6 is **DENIED**, as that is a declaration by Ms. Baciocco

26

27

28

3

similar to the one filed in this action and, for the reasons set forth above, cannot be considered in a Rule 12(b)(6) motion.  The RJN as to Exhibits 1 – 5 is also **DENIED**, as the default judgment entered in the state court action was vacated as to Roy Tuck.  [Doc. No. 8-4 at 2; Doc. No. 10-4 at 2.]  In addition, the complaint attached to the RJN [Ex. 2] is excerpted and, therefore, it is not clear to what allegations the default judgment against Deborah Tuck pertains.  The RJN as to Roy Tuck's demurrer (Doc. No. 8-8, Ex. 7; Doc. No. 10-8, Ex. 7) is **GRANTED**, as that filing is potentially a party admission.  Therefore, the RJN as to Exhibits 1-6 is **DENIED** without prejudice[2] and the RJN as to Exhibit 7 is **GRANTED**.[3]

## DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"— generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-

---

[2] The denial is without prejudice to being reasserted in a subsequent motion or at trial.
[3]  Matters subject to judicial notice can be considered in a Rule 12(b)(6) motion.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id.* (quoting *Twombly*, 550 U.S. at 557).  The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  In resolving a motion brought under Rule 12(b)(6), the Court accepts all well-pleaded allegations of material fact as true and construes them in a light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998). A complaint that fails to state a plausible claim for relief on its face will be dismissed. *Bell Ail. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

/ / / / /

/ / / / /

/ / / / /

5

B. Analysis.

### 1. TCPA claim (Count 1).

Defendants argue that the Tucks fail to state a claim under the TCPA because they fail to allege specific facts showing that Defendants used an automatic telephone dialing system or an artificial voice when they were called.  However, Plaintiffs allege that Defendants used an automated voice "at all times." [Doc. No. 1 at ¶¶30-38].  While Defendants dispute that allegation, such a factual dispute is not appropriately addressed on a motion to dismiss.  Therefore, the motion to dismiss on that basis is DENIED.

Defendants also argue there are no allegations that any call made to them was for the purpose of soliciting a purchase, rental or investment in property, goods or services, as is required under the 47 U.S.C. §227(a)(4)[4].  [Doc. No. 7-1 at 11-12; Doc. No. 9-1 at 11-12.]  In addition, according to Defendants, the parties had an established business relationship and, therefore, Defendants are exempt from liability under §227(a)(4)(B).  In making that argument, Defendants point to the Baciocco declaration.  For the reasons set forth above, this declaration cannot be considered in a Rule 12(b)(6) motion.  However, Defendants also point to paragraph 12 of Roy Tuck's demurrer in the state court action (RJN, Ex. 7) which states:

> 12.  Defendant TUCK's last year of paying any surety company for any State Contractors Bonding Coverage, $12,500 or otherwise, was the year

---

[4] Section 227(a)(4) states: "The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization."

of 2008.  <u>TUCK'S 2008 bonding coverage with ACI was/is <i>over SEVEN years old</i>.</u>

[Doc. No. 10-8 at 3, ¶¶12-13.]

This allegation in the demurrer is similar to Paragraph 109 of the complaint

in this action, which states:

> Defendant Tuck's last year of paying any surety company including HCC surety or American Contractors Indemnity Company for any State Contractors Bonding Coverage, $12,500 or otherwise, was the year of 2008. Defendant TUCK's 2008 one year pre-paid bonding coverage is over *eight years old*. The California Statute of Limitations in this case can legally only be calculated to go back in time four (4) years from the date the construction was mostly finished or known (apparent) problems (called "patent defects") in real property improvement design, survey, construction, etc, and resulting injury to property or person, [in this case this alleged consumer debt occurred in 2008] pursuant to California Code of Civil Procedure Section §337.1.

[Doc. No. 1 at ¶109. ]

Defendants argue that these allegations are an admission by Plaintiffs that

the parties were in a business relationship and, therefore, Plaintiffs lack standing

under Section 227(a)(4).  While perhaps not concise admissions, these allegations

in the demurrer and Paragraph 109 do imply that Plaintiffs were involved in a

business relationship with Defendants for construction bonding coverage, and

contradict Plaintiffs' other allegations that they had no contractual relationship

with Defendants.  Where facts pleaded are inconsistent, the claim may be

dismissed under Rule 12(b)(6).  *Sprewell v. Golden State Warriors,* 266 F.3d 979,

988 (9th Cir. 2001); *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn. 1.

1
2

(9th Cir. 1997).  Therefore, the motion to dismiss the TCPA claim (Count 1) for

failure to state a claim under Section 227(a)(4) is **GRANTED.**

3
4

2.  FDCPA claim (Counts 2-5).

5
6

Defendants argue that Plaintiffs fail to state a claim under the FDCPA because

7

Defendants were attempting to collect money owed to them by Plaintiffs as a result of a

8

business transaction and, therefore, Defendants are not a debt collectors under 15 U.S.C.

9

§1692a(6)(F)(ii).[5]  [Doc. No. 7-1 at 12; Doc. No. 9-1 at 12.]  In making that argument,

10

Defendants point to Ms. Bocciacco's declaration filed in the state court action and in this

11
12

action.  As stated above, such evidence is not appropriate for a 12(b)(6) motion to

13

dismiss.

14
15

Defendants also argue that Plaintiffs have admitted to the business relationship in

16

the demurrer and in Paragraph 109 of the complaint.  Again these allegations certainly

17

suggest that Plaintiffs engaged in a business relationship with Defendants in 2008, and it

18
19

_____

20

[5] 15 U.S.C. Section 1692a(6) states in pertinent part:

21

"The term "debt collector" means any person who uses any instrumentality of interstate commerce or
the mails in any business the principal purpose of which is the collection of any debts, or who regularly

22

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due
another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the

23

term includes any creditor who, in the process of collecting his own debts, uses any name other than his
own which would indicate that a third person is collecting or attempting to collect such debts. For the

24

purpose of section 1692f(6) of this title, such term also includes any person who uses any
instrumentality of interstate commerce or the mails in any business the principal purpose of which is the

25

enforcement of security interests. The term does not include . . . and(F) any person collecting or
attempting to collect any debt owed or due or asserted to be owed or due another to the extent such

26

activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii)
concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at

27

the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured
party in a commercial credit transaction involving the creditor."

28

conflicts with the other allegations in the complaint that deny a business relationship. Therefore, the motion to dismiss the FDCPA claim (Counts 2-5) for failure to state a claim under 15 U.S.C. Section 1692a(6) is **GRANTED**.

Finally, Defendants argue that the statute of limitations has run on the FDCPA claims.  [Doc. No. 7-1 at 13; Doc. No. 9-1 at 13.]  An action to enforce liability for a violation of the FDCPA must be brought within one year from the date on which the violation occurs.  15 U.S.C. §1692k(d).  Here, the violations are alleged to have occurred between March 2012 and April 2014.  [Doc. No. 1 at ¶43.]  This complaint was filed on January 29, 2016, which is more than one year after the last alleged violation.  Therefore, the FDCPA claims appear to be barred by the statute of limitations.

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010), quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969, quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir.1995).  When a statute of limitations defense shows on the face of the complaint, the burden of alleging facts which would give rise to tolling falls upon the plaintiff.  *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993).

Here, it appears from the face of the complaint that the FDCPA claims are barred by the statute of limitations.  Therefore, the motion to dismiss the FDCPA claims (Counts 2-5) on the grounds that the claims are barred by the statute of limitations is **GRANTED**.

### 3.  FCRA claim (Counts 6-7).

Defendants argue that Plaintiffs fail to state a claim under the FCRA because this was a business transaction and, therefore, Defendants are not a credit reporting agency as defined by the FCRA.[6] [Doc. No. 9-1 at 13-14.]  Again, Defendants point to Ms. Bacoccio's declaration (in this case and in the state court action) as evidence that this was a business transaction.  Such evidence is not appropriate for a Rule 12(b)(6) motion to dismiss.  However, Defendants also point to Plaintiffs' allegations in Paragraph 109 of the complaint and Paragraphs 12 and 13 of the demurrer.  As stated above, those allegations conflict with the other allegations in the complaint that deny such a business relationship.  Therefore, the motion to dismiss the FCRA claims (Counts 6-7) for failure to state a claim under 15 U.S.C. Section 1681a(d)(2)(A)(i) is **GRANTED**.

### 4.  CCRAA claim (Count 8).

Defendants make the same argument with regard to the CCRAA claim, and cite to the same evidence.[7]  For the reasons set forth above regarding the FCRA claim, the

---

[6] 15 U.S.C. Section 1681a(d)(2) states in pertinent part:
"Exclusions.  Except as provided in paragraph (3), the term "consumer report" does not include--(A) subject to section 1681s-3 of this title, any--(i) report containing information solely as to transactions or experiences between the consumer and the person making the report; . . . "

[7] Calif. Civil Code Section 1785.3(c) states in pertinent part:

motion to dismiss the CCRAA claim (Count 8) for failure to state a claim under Civil Code Section 1785.3 (c) is **GRANTED**.

5. RFDCPA claim (Count 9).

Defendants also make the same argument with regard to the RFDCPA claim[8], and the motion to dismiss the RFDCPA claim (Count 9) on that basis is **GRANTED**.

Defendants also argue that the RFDCPA claim is barred by the statute of limitations. [Doc. No. 9-1 at 16.]  An action to enforce liability for a violation of the FDCPA must be brought within one year from the date on which the violation occurs. Calif. Civ. Code §1788.30(f).  Here, the last violation allegedly occurred in April 2014,

---

"(c) "Consumer credit report" means any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: (1) credit to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) hiring of a dwelling unit, as defined in subdivision (c) of Section 1940, or (4) other purposes authorized in Section 1785.11.The term does not include (1) any report containing information solely as to transactions or experiences between the consumer and the person making the report, . . . "

[8] Calif. Civ. Code Section 1788.2 states in pertinent part:
"(b) The term "debt collection" means any act or practice in connection with the collection of consumer debts. . . . (e) The term "consumer credit transaction" means a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes. . . . (h) Except as provided in Section 1788.18, the term "debtor" means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.(i) The term "creditor" means a person who extends consumer credit to a debtor.(j) The term "consumer credit report" means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for person, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under any applicable federal or state law or regulation. The term does not include (a) any report containing information solely as to transactions or experiences between the consumer and the person making the report; . . . "

and this complaint was filed in January 2016.  Therefore, the motion to dismiss the RFDCPA claim (Count 9) on the grounds that it is barred by the statute of limitations is **GRANTED**.

6.  Count 10 (statute of limitations).

Defendants argue that Count 10 is merely Plaintiffs' argument that Defendants' state court action is barred by the statute of limitations, and fails to state a claim in this action.  The Court agrees that Count X is not a viable claim and therefore the motion to dismiss for failure to state a claim is **GRANTED**.

CONCLUSION

For the reasons set forth above, the motion to dismiss as to Defendants ACIC and HCC is **GRANTED** with leave to amend as to all of the claims.  Plaintiff shall have until **August 19, 2016** to file an amended complaint.  If no amended complaint is filed by August 19, 2016, then the case shall proceed as to the remaining parties.[9]

**IT IS SO ORDERED.**

Dated:  July 22, 2016

                                                  _____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[9] Defendant Experian Information Solutions, Inc. answered the complaints in March, 2016. [Doc. No. 10; Doc. No. 12.]

12

16cv0230-CAB(DHB);16cv0231-CAB (DHB)